UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| Calvert Llewellyn Jeremy | ) | Case No. 13-29597 |
| Jolita Mervina Jeremy | ) | (Chapter 13) |
|    Debtors | ) | |
| | ) | |
| Calvert Llewellyn Jeremy | ) | |
| Jolita Mervina Jeremy | ) | |
| 9333 Wellington St. | ) | |
| Lanham, MD 20706 | ) | |
|    Plaintiff | ) | Adv No. |
| v. | ) | |
| | ) | |
| J.P MORGAN CHASE BANK INC | ) | |
| Serve: President Jamie Dimon | ) | |
| 270 Park Avenue | ) | |
| New York NY 10017 | ) | |
|    Defendant | ) | |
| -and- | ) | |
| | ) | |
| Kevin Feig | ) | |
| BWW Law Group, LLC | ) | |
| 4520 East West Highway | ) | |
| Suite 200 Bethesda MD 20814 | ) | |
|    Counsel for Defendant | ) | |
| -and- | ) | |
| | ) | |
| Timothy Branigan | ) | |
|    Trustee | ) | |

**COMPLAINT FOR DECLARATORY ACTION TO DETERMINE SCOPE, VALIDITY AND EXTENT OF LIEN OF DEFENDANTS PURSUANT TO 28 U.S.C. §§ 2201-2202; 11 U.S.C. §§ 105(a) and 506(a)**
**(9333 Wellington St Lanham, MD 20706)**

Calvert Llewellyn Jeremy and Jolita Mervina Jeremy (the "Debtors" or

"Plaintiffs"), by and through undersigned counsel, John D. Burns, Esquire, and The Burns

LawFirm, LLC hereby file this Civil Complaint as to JP MORGAN CHASE BANK INC (the

"Defendant"), and state as follows:

**JURISDICTION AND VENUE:**

1. The Bankruptcy Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(a), (b), 2201-2202 and 157(b). This contested matter consists of a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper pursuant to 28 U.S.C. § 1409. The Debtors move for relief under 11 U.S.C. §§ 105(a), 363(b), 506(a), (d), 541(a), (d), and 1322(b)(2). The Debtors consent to entry of final Orders by the Bankruptcy Court in this adversary proceeding.

2. The Debtors reside in the State of Maryland at 9333 Wellington St Lanham, MD 20706(the "Property"). The Property is valued at $225,000.00 per BPO, see Schedule A.

3. JP MORGAN CHASE BANK INC is a financial institution situated at 270 Park Avenue New York, NY 10017 (the "Defendant").

4. Timothy Branigan is panel Trustee herein (the "Trustee") and is joined as a necessary party defendant in this proceeding. He maintains offices in Bowie, MD.

**FACTUAL AVERMENTS:**

5. The Debtors have scheduled JP MORGAN CHASE BANK INC as a first priority lien holder with a claim in the amount of $477,833.0 of which $252,833.00 is unsecured. *See*, Schedule D [Dkt. 14]. On or about February 2, 2014 a Proof of Claim was filed for JP MORGAN CHASE BANK INC in the amount of $425,457.11 [Cl. Dkt 5].Accordingly the JP MORGAN CHASE BANK INC secured claim should be reduced by $200,457.11 so that the Claim does not exceed the value of the Property at $225,000.00.

6. Section 1322(b)(2) of the Code provides in relevant part that the Debtor may "modify the rights of holders of secured claims, other than a **claim** secured **only** by a security interest in real property that **is** the debtor's principal residence, or of holders of unsecured

claims, or leave unaffected the rights of holders of any class of claims." *See*, 11 U.S.C. § 1322(b)(2)(2011) (Emphasis supplied). The key words herein are "claim," and "only.

      7.      The JP MORGAN CHASE BANK INC Claim is not "only" secured by the Property even if there is a valid secured claim under the deed of trust (the "DOT") relating to the JP MORGAN CHASE BANK INC Claim herein. The DOT demonstrates that the JP MORGAN CHASE BANK INC Claim herein asserts a security interest or assignment in other collateral which takes them outside the anti-modification provisions that would apply if this were a principal residence. For example, *Section 2 within the DOT represents additional collateral and establishes "Escrow Items" that the Lender may collect in an amount not to exceed the maximum amount that may be required for Borrower's escrow account under the Real Estate Settlement Procedures Act of 1974. The Escrow funds are pledged as additional security for all the sums secured by [the DOT]. Further, Condemnation Proceeds are likewise assigned and constitute collateral within the DOT. See, DOT Section 6. An assignment of rents is likewise included as supplemental collateral. See, Section 17.* Finally, Section 9(e) of the DOT also contains a requirement of an assignment of insurance proceeds provision which constitutes additional security for the monies advanced.

      9.      Accordingly, in the alternative to those facts presented above as to waiver of any security interest, the Claim is not a loan that is "secured **only** by" a security interest in the Debtor(s)' principal residence. The JP MORGAN CHASE BANK INC Claim on its face presents other collateral pursuant to the above recited provisions of the DOT. Moreover, the DOT premises that the Property must only be the principal residence of the Debtors for one year, and as it contains an assignment of rents, the DOT contemplates on its face a business use for the Property through commercial rentals. *See*, DOT at Sections 5 and 17.

10. For the purposes of Section 1322(b)(2) of the Code, "only" means what ordinary language requires. The plain and ordinary meaning of the word "only" is "alone in a class or category." Webster-Merriam Dictionary Online (2012). "[A] statute must, if possible, be construed in such fashion that every word has some operative effect." In re Hicks, 138 B.R. 505, 507 (Bankr. D. Md. 1992), *citing* United States v. Nordic Village, 112 S.Ct. 1011, 1015 (1992); United States v. Menasche, 75 S.Ct. 513, 538-39 (1955). The Supreme Court has recognized that any endeavor of statutory interpretation should begin with the plain words of the statute. See *United States v. Ron Pair Enterprises, Inc*., 109 S.Ct. 1026 (1989)*;
Landreth Timber Company v. Landreth,* 105 S.Ct. 2297 (1985). "In this case, it is also where the inquiry should end, for where, as here, the statute's language is plain, 'the sole function of the courts is to enforce it according to its terms.'" Hicks, 138 B.R. at 507 (citations omitted). A court is to examine statutory language first, and if unclear, then to look to legislative history. See, *Toibb v. Radloff,* 501 U.S. 157, 111 S.Ct. 2197 (1991).

## COUNT I
### (Determination of scope, extent and validity of lien)
### (11 U.S.C §§ 105(a), 506(a))

11. Paragraphs 1-10 are incorporated and re-alleged herein.

12. Debtors own the entirety of ownership interests in the Chapter 13 case in the Property.

13. JP MORGAN CHASE BANK INC holds a first priority lien against the Property as itemized above and the lien is subject to avoidance in the amount of $200,457.11. This relief is necessary and appropriate to effectuate the provisions of Title 11 U.S.C. § 506(a). After accounting for the value of the Property at $225,000.00, there is only $225,000.00 in value to support the aforementioned lien of JP MORGAN CHASE BANK INC. The remainder of the lien

of JP MORGAN CHASE BANK INC should be avoided and an unsecured claim awarded to JP MORGAN CHASE BANK INC in the amount of $200,457.11. There is no prohibition against modifying this partially secured claim and avoiding the lien pursuant to 11 U.S.C. § 1322(b)(2) because this lien is not only secured by the principal residence of the Debtors.

WHEREFORE, the Debtors respectfully request that this Court enter an Order:

(i)  Granting Count I of the Complaint;

(ii)  Avoiding the first priority lien of JP MORGAN CHASE BANK INC against the Property such that there is no allowed claim of JP MORGAN CHASE BANK INC which exceeds $225,000.00 in this case against the Property; and

(iii)  Allowing an unsecured claim of JP MORGAN CHASE BANK INC in the amount of $200,457.11 for treatment in the Debtors prospective amended plan; and

(iv)  Granting such other and further relief as equity and justice may require.

Respectfully submitted,

---------/S/  John D. Burns-----------
_____
John D. Burns, Esquire (Bar # 22777)
The Burns LawFirm, LLC
6303 Ivy Lane, Suite 102
Greenbelt, Maryland 20770
(301) 441-8780
jburns@burnsbankruptcyfirm.com
Counsel for Debtors

May 30, 2014